```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                          CLARKSBURG
```

**BRENDA MORAN,**

    **Plaintiff,**

v.                                              CIVIL ACTION NO. 1:20CV268
                                                              (KLEEH)

**MARK SAMAAN, MD, ALECTO HEALTHCARE
SERVICES FAIRMONT, LLC, d/b/a
FAIRMONT REGIONAL MEDICAL CENTER,
WETZEL COUNTY HOSPITAL, INC.,
and UNITED STATES OF AMERICA,**

    **Defendants,**

**and**

**WETZEL COUNTY HOSPITAL, INC.,**

    **Defendant/Third-Party Plaintiff,**

v.

**ERx, LLC,
a Delaware Limited Liability Company,**

    **Third-Party Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 20]**

Pending before the Court is Plaintiff's Motion to Remand [ECF No. 20]. Plaintiff filed the Motion to Remand pursuant to 28 U.S.C. § 1447(c), and moves to remand the case to the Circuit Court of Marion County, West Virginia, arguing that this Court lacks subject matter jurisdiction over the claims brought. For the reasons

discussed herein, the Motion is **DENIED**.

## I.     PROCEDURAL HISTORY

On August 6, 2020, Plaintiff Brenda Moran ("Plaintiff" or "Plaintiff Moran") filed a Complaint against the Defendants, Mark Samaan, MD ("Samaan"), Alecto Healthcare Services Fairmont, LLC, D/B/A Fairmont Regional Medical Center ("FRMC"), and Wetzel County Hospital, Inc. ("WCH"), collectively "Defendants," in the Circuit Court of Marion County, West Virginia. [ECF No. 1-4, Compl.]. On October 23, 2020, Plaintiff filed an Amended Complaint against the same defendants in the Circuit Court of Marion County. [ECF No. 1-4, Am. Compl.]. Plaintiff also sued Roane County Family Health Care, Inc. ("RCFHC"), and Wirt County Health Services Association, d/b/a Wirt County Family Care ("WCHSA"). Defendants RCFHC and WCHSA were terminated from the style of the case and substituted by the United States of America under 28 U.S.C. § 2679(d)(1). [ECF No. 6].

Plaintiff's Summons and Amended Complaint were served on RCFHC and WCHSA on November 9, 2020, by certified mail, accepted for service of process by the Secretary of State. [ECF No. 1-4, Proofs of Service, pp. 114-116]. Defendants timely filed a Notice of Removal from the Circuit Court on December 9, 2020, and served

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 20]**

a copy of the Notice of Removal on Plaintiff. [ECF No. 1, Notice of Removal].

This Court entered a First Order and Notice Regarding Discovery and Scheduling on December 14, 2020. [ECF No. 9]. The Court entered an order enlarging the United States of America's time to answer or otherwise respond to Plaintiff's Amended Complaint on or before February 8, 2021. [ECF No. 8]. On December 16, 2020, FRMC filed a Motion to Dismiss. [ECF No. 10]. Also on December 16, 2020, WCH filed a third-party complaint, bringing in ERx, LLC, to this litigation. [ECF No. 13]. Plaintiff filed a brief in opposition to the motion to dismiss on January 6, 2021. [ECF No. 16].

Plaintiff's Motion to Remand was filed January 8, 2021. [ECF No. 20]. The United States of America filed a Response in Opposition to Plaintiff's Motion to Remand on January 21, 2021. [ECF No. 27]. No reply brief was filed. The Motion to Remand [ECF No. 20] is the subject of this Memorandum Opinion and Order.

## II.   GOVERNING LAW

When an action is removed from state court, the district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Federal courts are courts of limited

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 20]**

jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Id. (citations omitted). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

District courts have original jurisdiction of "civil actions arising under the Constitution, laws, or treaties of the United States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different states." 28 U.S.C. §§ 1331, 1332(a)(1). Where "the district courts have original jurisdiction, the district courts shall [also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The four corners of Plaintiff's Complaint inform the Court if the jurisdictional requirements are satisfied.

**A. Federal Question - 28 U.S.C. § 1331**

Removal may be proper when a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Where a federal statute

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 20]**

creates the cause of action, the courts of the United States have federal subject matter jurisdiction over the case because it is deemed to be "arising under" federal law. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). The determination of whether a case arises under federal law is resolved within the four corners of a complaint. Id. A "suit arises under the law that creates the cause of action." Id. (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). A plaintiff "may avoid federal jurisdiction by relying exclusively on state law." Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1261 (4th Cir. 1989).

The Federal Tort Claims Act ("FTCA") is a federal law passed by the United States Congress that provides an avenue for private citizens to collect against the United States for negligent or wrongful acts committed by an employee of the federal government. 28. U.S.C. § 2671, et seq. "The FTCA waives the sovereign immunity of the United States so that the government may be liable in tort 'in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or punitive damages.'" Baum v. United States, 986 F.2d 716, 719 (4th Cir. 1993) (citing 28 U.S.C. § 2674).

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees:

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 20]**

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant and in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

The Federally Supported Health Centers Assistance Act ("FSHCAA") is federal legislation passed by the United States Congress which provides medical malpractice liability protection for federally supported health centers. 42 U.S.C. § 233 et seq.

> The remedy against the United States provided by sections 1346(b) and 2672 of title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . ." 42 U.S.C. § 233(c).

Venue is proper in the district under 28 U.S.C. § 1441(1) when it embraces the place where the state court action was filed and remains pending. The Notice of Removal is timely if it is filed within thirty (30) days of service of Plaintiff's Complaint and Summons. 28 U.S.C. § 1446(b)(3). Under 28 U.S.C. 1446(a), Defendants are required to attach all process, pleadings, and orders on file in the state court action. Consent or joinder of all defendants is required when an action is removed under § 1441(a).

### III. THE COMPLAINT

Plaintiff Moran brings tort claims against Defendants for alleged negligent and intentional acts while she was a patient of Dr. Samaan and the entity defendants. Plaintiff went to the emergency room of FRMC, employer of Defendant Dr. Samaan, and was seen by Dr. Samaan on or about August 29, 2018. ECF No. 1-5, Am. Compl. ¶ 16. She had a burn injury on her leg. Id. During the visit, Dr. Samaan made a number of inappropriate comments to

Plaintiff while in the examination room: "you look young for your age"; "you're the real deal aren't you, a hot motorcycle chick"; and "I bet you've been a bad girl your whole life." Id. at ¶ 17. Dr. Samaan then looked outside the exam room and closed the door. Id. at ¶ 18. At this time, Dr. Samaan "went behind the Plaintiff, forcefully shoved his hands down the back of the Plaintiff's pants, and then inserted his fingers into the Plaintiff's vagina and rectum." Id. at ¶ 20. Plaintiff immediately told Dr. Samaan to stop, lifted herself from the examination table and left the room. Id. at ¶¶ 21-22. Dr. Samaan did not stop harassing her upon her direction, and he only withdrew upon her exiting the room. Id.

Dr. Samaan retrieved Plaintiff's personal information from her medical chart, including her cellphone number, and called it on the evening of August 29, 2018, and invited her to breakfast the following morning. Id. at ¶¶ 23-24. During the phone call, he made vulgar comments and discussed his sexual fantasies and intentions with the Plaintiff. Id. at ¶ 25. Plaintiff ceased contact with Dr. Samaan on September 25, 2018. Id. at ¶ 27. Plaintiff later received medical care for the burn at a different facility on September 2, 2018. Id. at ¶ 30. On or about September 28, 2018, Plaintiff notified FRMC of the incident described herein. Id. at ¶ 31.

The Amended Complaint alleges the following causes of action:

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 20]**

1) Battery against Defendants Mark Samaan and Alecto Healthcare Services Fairmont, LLC, d/b/a Fairmont Regional Medical Center ("FRMC")
2) Intentional Infliction of Emotional Distress against Defendants Mark Samaan and FRMC
3) Invasion of Privacy against Defendants Mark Samaan and FRMC
4) Negligence against Defendant FRMC
5) Negligence against Defendant Roane County Family Health Care, Inc. ("RCFHC")
6) Negligence against Defendant Wirt County Health Services Association d/b/a Wirt County Family Care ("WCHSA")
7) Negligence against Defendant Wetzel County Hospital, Inc. ("WCH")

See Am. Compl., ECF No. 1-5. Plaintiff seeks compensatory damages; damages for embarrassment, humiliation, annoyance, inconvenience, aggravation, emotional distress, loss of ability to enjoy life, and loss of dignity; punitive damages; attorneys' fees and costs; and pre- and post- judgment interest. Id.

Dr. Samaan is a resident of Jackson County, West Virginia. Id. at ¶ 2. FRMC "is a foreign limited liability company, organized in the state of Delaware, registered to do business in the State of West Virginia, and which at all relevant times herein, conducted business as Fairmont Regional Medical Center, a regional hospital located in Fairmont, Marion County, West Virginia." Id. at ¶ 3. RCFHC "is a domestic, non-profit corporation organized in the State of West Virginia, registered to do business in the State of West Virginia, and which operates a health clinic in Spencer, Roane County, West Virginia." Id. at ¶ 6. WCHSA "is a domestic non-

profit corporation organized in the State of West Virginia, registered to do business in the State of West Virginia, and which does business as Wirt County Family Care in Elizabeth, Wirt County, West Virginia." Id. at ¶ 8. Finally, WCH "is a domestic non-profit corporation organized in the State of West Virginia, registered to do business in the State of West Virginia, and which does business as an acute care hospital in New Martinsville, Wetzel County, West Virginia." Id. at ¶ 10. Plaintiff asserts FRMC, RCFHC, WCHSA, and WCH employed and/or permitted Dr. Samaan "to have privileges to practice medicine." Id. at ¶¶ 2-11.

## IV.   DISCUSSION

Removal is timely because the Notice of Removal was filed on December 9, 2020, 30 days within Defendants' receipt of Plaintiff's Complaint and Summons. 28 U.S.C. § 1446(b). The Court analyzes Plaintiff's Complaint and Defendants' removal papers for federal question jurisdiction under § 1331.

**A. Federal Question Jurisdiction Exists on Plaintiff's Negligence Claims against Roane County Family Health Care, Inc. ("RCFHC") and Wirt County Health Services Association d/b/a Wirt County Family Care ("WCHSA"), federally-deemed facilities.**

When determining whether removal is proper, the Court must first determine whether it has original jurisdiction over the

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 20]**

Plaintiff's claims. District courts have original jurisdiction to hear cases where "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. at 392. Here, Plaintiff pleaded negligence claims against RCFHC and WCHSA, federally-deemed facilities that the United States of America has since substituted its appearance on behalf of pursuant to the provisions of 28 U.S.C. § 2679(d)(1). Such negligence claims against federally-deemed facilities constitute "related functions" under the Federally Supported Health Centers Assistance Act ("FSHCAA"). See ECF No. 1-5 at 167-169. Therefore, the Federal Torts Claims Act ("FTCA") is Plaintiff's exclusive remedy against the United States of America, and this Court has subject matter jurisdiction to adjudicate those claims.

In her Amended Complaint, Plaintiff alleges negligence claims against RCFHC and WCHSA for failing to investigate and report Dr. Samaan's misconduct during his employment with the Defendants or after his resignation therefrom. Am. Compl. ¶¶ 66-72, 75-83. Plaintiff alleges RCFHC and WCHSA are vicariously liable for the alleged wrongdoing and that the doctrine of respondeat superior applies. Id. Pursuant to 28 U.S.C. § 2679(d)(1), United States Attorney for the Northern District of West Virginia filed a Notice of Substitution certifying that "RCFHC and WCHSA were federally-

supported health centers acting within the scope of their office or employment with the Federal Government at the time of the incidents out of which Plaintiff's claims against these Defendants arose." See ECF No. 5; ECF No. 1-6, Certification of Scope of Employment. Because Congress provided by statute that the FTCA is the exclusive remedy, 42 U.S.C. § 233 et seq., this civil action is deemed to be an action against the United States of America and remand to state court is denied.

### B. Supplemental Jurisdiction Exists over Plaintiff's Remaining Claims under 28 U.S.C. § 1367.

Satisfied that "[t]he federal claim has substance sufficient to confer subject matter jurisdiction on the court," the Court must turn to the question of supplemental jurisdiction over the remaining claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.  That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its justification lies in  considerations  of  judicial  economy,

> convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188.

Id.

Regarding the state law claims made by Plaintiff against Dr. Samaan, these claims may be appropriately brought in federal court so long as the state claims are so related to the federal law claims that they create the "same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The Plaintiff's state law claims against Dr. Samaan and the entity defendants — battery, intentional infliction of emotional distress, negligence, and invasion of privacy — are so related to the same alleged conduct by the same Defendants as described in Plaintiff's federal claim. The claims implicate the employment relationship and matters that allegedly occurred during and after Plaintiff's tenure. The interests of judicial economy, efficiency and fairness to the litigants outweigh the federalism concerns present. Therefore, this Court can and will exercise its supplemental jurisdiction over the state law claims in Plaintiff's Complaint. 28 U.S.C. § 1367(a).

### V. CONCLUSION

For the reasons discussed above, the Motion to Remand is **DENIED** [ECF No. 20].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: September 28, 2021

*/s/* Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE