```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                         CLARKSBURG
```

**BRENDA MORAN,**

    **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 1:20CV268**
                                                             **(KLEEH)**

**MARK SAMAAN, MD, ALECTO HEALTHCARE**
**SERVICES FAIRMONT, LLC, d/b/a**
**FAIRMONT REGIONAL MEDICAL CENTER,**
**WETZEL COUNTY HOSPITAL, INC.,**
**and UNITED STATES OF AMERICA,**

    **Defendants,**

**and**

**WETZEL COUNTY HOSPITAL, INC.,**

    **Defendant/Third-Party Plaintiff,**

**v.**

**ERx, LLC,**
**a Delaware Limited Liability Company,**

    **Third-Party Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING FRMC'S MOTIONS TO DISMISS**

Pending before the Court are Motions to Dismiss filed by Defendant Alecto Healthcare Services Fairmont, LLC, D/B/A Fairmont Regional Medical Center ("FRMC"). [ECF Nos. 10, 43]. FRMC filed the Motions to Dismiss, by counsel, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that Plaintiff failed

to comply with West Virginia's statutory requirements of the Medical Professional Liability Act ("MPLA"). W. Va. Code §§ 55-7B-1, et seq. For the reasons discussed herein, the Motions are **GRANTED**.

## I.  PROCEDURAL HISTORY

On August 6, 2020, Plaintiff Brenda Moran ("Plaintiff" or "Plaintiff Moran") filed a Complaint against the Defendants, Mark Samaan, MD ("Samaan"), Alecto Healthcare Services Fairmont, LLC, D/B/A Fairmont Regional Medical Center ("FRMC"), and Wetzel County Hospital, Inc. ("WCH"), collectively "Defendants," in the Circuit Court of Marion County, West Virginia. [ECF No. 1-4, Compl.]. On October 23, 2020, Plaintiff filed an Amended Complaint against the same defendants in the Circuit Court of Marion County. [ECF No. 1-4, Am. Compl.]. Plaintiff also sued Roane County Family Health Care, Inc. ("RCFHC"), and Wirt County Health Services Association, d/b/a Wirt County Family Care ("WCHSA"). Defendants RCFHC and WCHSA were terminated from the style of the case and substituted by the United States of America under 28 U.S.C. § 2679(d)(1). [ECF No. 6].

Plaintiff's Summons and Amended Complaint were served on RCFHC and WCHSA on November 9, 2020, by certified mail, accepted for service of process by the Secretary of State. [ECF No. 1-4,

**MEMORANDUM OPINION AND ORDER
GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

Proofs of Service, pp. 114-116]. Defendants timely filed a Notice of Removal from the Circuit Court on December 9, 2020, and served a copy of the Notice of Removal on Plaintiff. [ECF No. 1, Notice of Removal].

This Court entered a First Order and Notice Regarding Discovery and Scheduling on December 14, 2020. [ECF No. 9]. The Court entered an order enlarging the United States of America's time to answer or otherwise respond to Plaintiff's Amended Complaint on or before February 8, 2021. [ECF No. 8]. On December 16, 2020, FRMC filed the instant Motion to Dismiss. [ECF No. 10]. Also on December 16, 2020, WCH filed a third-party complaint, bringing in ERx, LLC, to this litigation. [ECF No. 13]. Plaintiff filed a brief in opposition to the motion to dismiss on January 6, 2021. [ECF No. 16]. Plaintiff's Motion to Remand [ECF No. 20] was denied by Memorandum Opinion and Order. [ECF No. 59].

On March 1, 2021, the Court granted leave to Plaintiff to file her Second Amended Complaint, and she did. [ECF Nos. 39, 40]. Plaintiff added allegations against Third-Party Defendant ERx, LLC, and kept the remaining parties and claims therein the same. [ECF No. 40, Second Am. Compl.]. Thereafter, FRMC filed a motion to dismiss the second amended complaint for the same reasons it argued in its initial motion to dismiss. [ECF No. 43]. Therefore,

Case 1:20-cv-00268-TSK   Document 60   Filed 09/30/21   Page 4 of 15 PageID #: 667

**Moran v. Samaan, et al.**                                                               1:20cv268
**MEMORANDUM OPINION AND ORDER
GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

the Court's disposition in this Memorandum Opinion and Order applies to both FRMC's Motions to Dismiss. [ECF Nos. 10, 43].

## II.  GOVERNING LAW

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss an action for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal quotation marks omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

This Court has jurisdiction over this case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671-2680. The Court is required to use the substantive law of the state where the alleged negligence took place, which, in this matter, is

**MEMORANDUM OPINION AND ORDER
GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

West Virginia. Davis v. United States, No. 5:10-cv-384, 2012 WL 2681426, *1, *6 (S.D.W. Va. July 6, 2012). The Medical Professional Liability Act ("MPLA"). W. Va. Code §§ 55-7B-1, et seq., defines a "medical professional liability" action as an action "for any damages resulting from the death or injury of a person for any tort . . . based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2(i). The MPLA defines a patient as "a natural person who receives or should have received health care from a licensed health care provider under a contract, express or implied." W. Va. Code 55-7B-2(m).

The MPLA also embraces "other claims that may be contemporaneous to or related to the alleged tort . . . all in the context of rendering health care services." Id. "Health care" means "[a]ny act, service or treatment performed or furnished, or which should have been performed or furnished, by any health care provider . . . to or on behalf of a patient during the patient's medical care, treatment, or confinement." W. Va. Code § 55-7B-2(e)(2).

The MPLA requires certain steps be taken by a plaintiff prior to the filing of a medical professional liability action. See W. Va. Code § 55-7B-6. The MPLA requires that, at least thirty days prior to filing a medical professional liability action

5

> the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. For the purposes of this section, where the medical professional liability claim against a health care facility is premised upon the act or failure to act of agents, servants, employees, or officers of the health care facility, such agents, servants, employees, or officers shall be identified by area of professional practice or role in the health care at issue. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider who: (1) Is qualified as an expert under the West Virginia rules of evidence; (2) Meets the requirements of § 55-7B-7(a)(5) and § 55-7B-7(a)(6) of this code; and (3) Devoted, at the time of medical injury, 60 percent of his or her professional time annually to the active clinical practice in his or her medical field or specialty, or to teaching in his or her medical field or specialty in an accredited university.

W. Va. Code § 55-7B-6(b). Such pre-filing requirements are "substantive" and therefore required in federal courts. See Stanley v. U.S., 321 F.Supp.2d 805, 808 (N.D.W. Va. 2004).

### III. **FACTS**

Plaintiff Moran brings tort claims against Defendants for alleged negligent and intentional acts while she was a patient of

**MEMORANDUM OPINION AND ORDER**
**GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

Dr. Samaan and the entity defendants. Plaintiff went to the emergency room of FRMC, employer of Defendant Dr. Samaan, and was seen by Dr. Samaan on or about August 29, 2018.[1] ECF No. 40, Second Am. Compl. ¶ 18. She had a burn injury on her lower leg. Id. During the visit, Dr. Samaan made a number of inappropriate comments to Plaintiff while in the examination room: "you look young for your age"; "you're the real deal aren't you, a hot motorcycle chick"; and "I bet you've been a bad girl your whole life." Id. at ¶ 19. Dr. Samaan then looked outside the exam room and closed the door. Id. at ¶ 20. At this time, Dr. Samaan "went behind the Plaintiff, forcefully shoved his hands down the back of the Plaintiff's pants, and then inserted his fingers into the Plaintiff's vagina and rectum." Id. at ¶ 22. Plaintiff immediately told Dr. Samaan to stop, lifted herself from the examination table and left the room. Id. at ¶¶ 23-24. Dr. Samaan did not stop harassing her upon her direction, and he only withdrew upon her exiting the room. Id.

Dr. Samaan retrieved Plaintiff's personal information from her medical chart, including her cellphone number, and called it

---

[1] Normally, the Court takes the facts from the complaint and construes them in the light most favorable to the Plaintiff in considering a Rule 12(b)(6) motion to dismiss. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). However, in determining a Rule 12(b)(1) motion to dismiss, the Court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction" and the usual presumption of truthfulness does not apply. Kerns v. U.S., 585 F.3d 187, 192 (4th Cir. 2009).

**MEMORANDUM OPINION AND ORDER**
**GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

on the evening of August 29, 2018, and invited her to breakfast the following morning. Id. at ¶¶ 25-26. During the phone call, he made vulgar comments and discussed his sexual fantasies and intentions with the Plaintiff. Id. at ¶ 27. Plaintiff ceased contact with Dr. Samaan on September 25, 2018. Id. at ¶ 29. Plaintiff later received medical care for the burn at a different facility on September 2, 2018. Id. at ¶ 32. On or about September 28, 2018, Plaintiff notified FRMC of the incident described herein. Id. at ¶ 33.

The Second Amended Complaint alleges the following causes of action:

1) Battery against Defendants Mark Samaan and Alecto Healthcare Services Fairmont, LLC, d/b/a Fairmont Regional Medical Center ("FRMC")
2) Intentional Infliction of Emotional Distress against Defendants Mark Samaan and FRMC
3) Invasion of Privacy against Defendants Mark Samaan and FRMC
4) Negligence against Defendant FRMC
5) Negligence against Defendant Roane County Family Health Care, Inc. ("RCFHC")
6) Negligence against Defendant Wirt County Health Services Association d/b/a Wirt County Family Care ("WCHSA")
7) Negligence against Defendant Wetzel County Hospital, Inc. ("WCH")

See ECF No. 40, Second Am. Compl. Plaintiff asserts FRMC, RCFHC, WCHSA, and WCH employed and/or permitted Dr. Samaan "to have privileges to practice medicine." Id. at ¶¶ 2-11. Plaintiff seeks compensatory damages; damages for embarrassment, humiliation,

annoyance, inconvenience, aggravation, emotional distress, loss of ability to enjoy life, and loss of dignity; punitive damages; attorneys' fees and costs; and pre- and post- judgment interest. Id. at ¶ 118.

## IV. DISCUSSION

FRMC argues Plaintiff's Second Amended Complaint should be dismissed entirely because Plaintiff's claims fall within the purview of the MPLA and she "failed to comply with the pre-suit notice requirements of [the MPLA] as no notice of claim, screening certificate of merit or notice of intent to provide a screening certificate of merit was served on FRMC." [ECF Nos. 10, 43]. Plaintiff does not claim to have served a notice of claim or a screening certificate of merit. Contrary to FRMC's arguments, Plaintiff maintains she did not allege any claims against FRMC under the MPLA such that her claims arise from "health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient"; therefore, any certificate of merit or notice of intent is not required and FRMC's motion to dismiss should be denied. See ECF Nos. 16, 49; W. Va. Code § 55-7B-2(i).

Case 1:20-cv-00268-TSK Document 60 Filed 09/30/21 Page 10 of 15 PageID #: 673

**Moran v. Samaan, et al.** 1:20cv268
**MEMORANDUM OPINION AND ORDER**
**GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

**A. Rule 12(b)(1) dismissal is proper because Plaintiff's claims against Defendant FRMC fall within the purview of the MPLA and Plaintiff failed to serve a Notice of Claim and Screening Certificate of Merit pursuant to W. Va. Code § 55-7B-6(b).**

This action turns on whether the allegations in Plaintiff's Second Amended Complaint fit the definition of "health care" under the MPLA. Under the MPLA, "health care" means

> (1) Any act, service or treatment provided under, pursuant to or in the furtherance of a physician's plan of care, a health care facility's plan of care, medical diagnosis or treatment; (2) Any act, service or treatment performed or furnished, or which should have been performed or furnished, by any health care provider or person supervised by or acting under the direction of a health care provider or licensed professional for, to or on behalf of a patient during the patient's medical care, treatment or confinement, including, but not limited to, staffing, medical transport, custodial care or basic care, infection control, positioning, hydration, nutrition and similar patient services; and (3) The process employed by health care providers and health care facilities for the appointment, employment, contracting, credentialing, privileging and supervision of health care providers.

W. Va. Code § 55-7B-2(e). The Legislature defined "medical professional liability" as:

> any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient. It also means

> other claims that may be contemporaneous to or related to the alleged tort or breach of contract or otherwise provided, all in the context of rendering health care services.

W. Va. Code § 55-7B-2(i). "[T]he determination of whether a cause of action falls within the MPLA is based upon the factual circumstances giving rise to the cause of action, not the type of claim asserted." Blankenship v. Ethicon, Inc., 656 S.E.2d 451, 454 (W. Va. 2007). It follows that "where the allegedly offensive action was committed within the context of rendering of ['health care,'] the statute applies [and] [w]here . . . the action in question was outside the realm of the provision of ['health care,'] the statute does not apply." Id. at 457-58. It is immaterial "that a plaintiff does not plead a claim as being governed by the MPLA." Treadway v. West Virginia Reg'l Jail and Corr. Facility Auth., No. 5:12-cv-49, 2013 WL 690431, *1, *7 (S.D.W. Va. 2013) (discussing Blankenship, 656 S.E.2d at 458). "[I]f the alleged act or omissions are committed by a health care provider within the context of the rendering of 'health care' as defined by the W. Va. Code § 55-7B-2(e), the MPLA will apply regardless of how the claim is pled." Id.

The West Virginia Supreme Court of Appeals has considered examples of the types of alleged conduct that are outside the purview of the MPLA. See R.K. v. St. Mary's Med. Ctr., Inc., 735

Case 1:20-cv-00268-TSK   Document 60   Filed 09/30/21   Page 12 of 15 PageID #: 675

**Moran v. Samaan, et al.**                                                    **1:20cv268**
**MEMORANDUM OPINION AND ORDER**
**GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

S.E.2d 715, 717-25 (W. Va. 2012) (MPLA did not apply to a hospital's unauthorized disclosure of medical records because it is not within the definition of 'health care'); Boggs v. Camden-Clark Mem'l Hosp. Corp., 609 S.E.2d 917, 923 (W. Va. 2004) ("Fraud, spoliation of evidence, or negligent hiring are no more related to 'medical professional liability' or 'health care services' than battery, larceny, or libel," and therefore MPLA did not extend its protection to those claims).

The Court in Gray v. Mena, 625 S.E.2d 326, 329 (W. Va. 2005) clarified the Boggs Court's ruling

> by recognizing that the West Virginia Legislature's definition of medical professional liability, found in West Virginia Code § 55-7B-2(i), includes liability for damages resulting from the death or injury of a person for *any* tort based upon health care services rendered or which should have been rendered. To the extent that Boggs suggested otherwise, it is modified.

Gray v. Mena, 625 S.E.2d 326, 331 (W. Va. 2005) (emphasis in original). Furthermore, "[t]he WVMPLA does not entirely displace common law principles of medical negligence actions. These common law principles help explain the context and concepts contained in the WVMPLA." Davis v. United States, No. 5:10-cv-384, 2012 WL 2681426, *1, *6 (S.D.W. Va. July 6, 2012).

**MEMORANDUM OPINION AND ORDER**
**GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

In her Second Amended Complaint, Plaintiff alleges common law battery, intentional infliction of emotional distress, and invasion of privacy against Dr. Samaan for his offensive sexual conduct. Relevant to the question here are Plaintiff's negligence claims against FRMC for failing to investigate and report Dr. Samaan's misconduct during his employment with the Defendants or after his resignation therefrom. Second Am. Compl. ¶¶ 58-66. Plaintiff alleges FRMC is vicariously liable for the alleged wrongdoing and that the doctrine of respondeat superior applies. Id. Plaintiff asserts, "FRMC was negligent in hiring, selecting, supervising, training, and/or retaining Dr. Samaan." Id.

The facts alleged against FRMC invoke the applicability of the MPLA because they are within the realm of "health care" as provided under the statute. FRMC maintains that Plaintiff's allegations are directed toward FRMC's "appointment, employment, contracting, credentialing, privileging and supervision" of Dr. Samaan as provided under W. Va. Code § 55-7B-2(e)(3). [ECF No. 11 at 6]. The Court agrees. By a clear reading of the MPLA, particularly the definitions of "health care" and "medical professional liability," Plaintiff's claims against FRMC – negligence, failure to investigate and/or report, negligent hiring, selecting, supervising, training, and/or retaining, and vicarious liability – are contemplated within the MPLA.

Case 1:20-cv-00268-TSK Document 60 Filed 09/30/21 Page 14 of 15 PageID #: 677

**Moran v. Samaan, et al.** 1:20cv268
**MEMORANDUM OPINION AND ORDER**
**GRANTING FRMC'S MOTIONS TO DISMISS [ECF NOS. 10, 43]**

Moving to the pre-suit requisites under the MPLA, Plaintiff has not demonstrated that she sent a notice of claim to FRMC or demonstrated in any pleading that a screening certificate of merit has been obtained and provided to FRMC. In fact, she admits the opposite. [ECF No. 16 at 2-3]. While West Virginia courts veer from dismissals due to a plaintiff's failure to adhere to the notice requirement, see e.g., Westmoreland v. Faidya, 664 S.E.2d 90 (W. Va. 2008), here, a dismissal with leave to permit Plaintiff to follow the pre-suit requirement under W. Va. Code § 55-7B-6 is futile. Plaintiff has been on notice that she failed to provide the required notice for over nine (9) months. Plaintiff has since filed a second amended complaint which also did not incorporate the requirements under W. Va. Code § 55-7B-6. [ECF No. 40]. Because Plaintiff has failed to take the required action, the Court finds Plaintiff's allegations against FRMC critically lacking and the Court lacks subject matter jurisdiction over the claims against FRMC in the Second Amended Complaint. W. Va. Code § 55-7B-6. See Keith v. Lawrence, Civil No. 15-0223, 2015 WL 7628691, *1, *2 (W. Va. Nov. 20, 2015). Plaintiff failed to provide a Notice of Claim and Screening Certificate of Merit pursuant to W. Va. Code § 55-7B-6(b); therefore, FRMC's motion to dismiss is **GRANTED**.

### V. CONCLUSION

For the reasons discussed above, the Motions to Dismiss are **GRANTED** [ECF Nos. 10, 43]. FRMC is **DISMISSED** from this action.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all pro se parties.

**DATED**: September 30, 2021

>  */s/* Thomas S. Kleeh
> THOMAS S. KLEEH
> UNITED STATES DISTRICT JUDGE