IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG


BRENDA MORAN,

       Plaintiff,

v.                                    CIVIL ACTION NO. 1:20CV268
                                              (KLEEH)


MARK SAMAAN, MD, ALECTO HEALTHCARE
SERVICES FAIRMONT, LLC, d/b/a
FAIRMONT REGIONAL MEDICAL CENTER,
WETZEL COUNTY HOSPITAL, INC.,
and UNITED STATES OF AMERICA,

       Defendants,

and

WETZEL COUNTY HOSPITAL, INC.,

       Defendant/Third-Party Plaintiff,

v.

ERx, LLC,
a Delaware Limited Liability Company,

       Third-Party Defendant.


MEMORANDUM OPINION AND ORDER GRANTING
UNITED STATES' MOTIONS TO DISMISS

Pending before the Court are Motions to Dismiss [ECF Nos. 29, 42] filed by Defendant United States of America ("USA"), now substituted as party defendant in place of Roane County Family Health Care, Inc. ("RCFHC"), and Wirt County Health Services

Moran v. Samaan, et al.                                1:20cv268

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

Association, d/b/a Wirt County Family Care ("WCHSA"). USA filed the Motions to Dismiss, by counsel, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that Plaintiff failed to exhaust the administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2689 ("FTCA") and is likewise not in compliance with the FTCA's filing deadline. 28 U.S.C. § 2401(b). For the reasons discussed herein, the Motions are **GRANTED**.


I.   <u>**PROCEDURAL HISTORY**</u>

On August 6, 2020, Plaintiff Brenda Moran ("Plaintiff" or "Plaintiff Moran") filed a Complaint against the Defendants, Mark Samaan, MD ("Samaan"), Alecto Healthcare Services Fairmont, LLC, D/B/A Fairmont Regional Medical Center ("FRMC"), and Wetzel County Hospital, Inc. ("WCH"), collectively "Defendants," in the Circuit Court of Marion County, West Virginia. [ECF No. 1-4, Compl.]. On October 23, 2020, Plaintiff filed an Amended Complaint against the same defendants in the Circuit Court of Marion County. [ECF No. 1-4, Am. Compl.]. Plaintiff also sued Roane County Family Health Care, Inc. ("RCFHC"), and Wirt County Health Services Association, d/b/a Wirt County Family Care ("WCHSA"). Defendants RCFHC and WCHSA were terminated from the style of the case and substituted by the

MEMORANDUM OPINION AND ORDER GRANTING
UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]

United States of America under 28 U.S.C. § 2679(d)(1). [ECF No. 6].

Plaintiff's Summons and Amended Complaint were served on RCFHC and WCHSA on November 9, 2020, by certified mail, accepted for service of process by the Secretary of State. [ECF No. 1-4, Proofs of Service, pp. 114-116]. Defendants timely filed a Notice of Removal from the Circuit Court on December 9, 2020, and served a copy of the Notice of Removal on Plaintiff. [ECF No. 1, Notice of Removal].

This Court entered a First Order and Notice Regarding Discovery and Scheduling on December 14, 2020. [ECF No. 9]. The Court entered an order enlarging the United States of America's time to answer or otherwise respond to Plaintiff's Amended Complaint on or before February 8, 2021. [ECF No. 8]. On December 16, 2020, FRMC filed a Motion to Dismiss. [ECF No. 10]. Also on December 16, 2020, WCH filed a third-party complaint, bringing in ERx, LLC, to this litigation. [ECF No. 13]. Plaintiff filed a brief in opposition to the motion to dismiss [ECF No. 10] on January 6, 2021. [ECF No. 16]. Plaintiff's Motion to Remand [ECF No. 20] was denied by Memorandum Opinion and Order. [ECF No. 59].

USA's motion to dismiss and memorandum in support were filed on February 8, 2021. [ECF Nos. 29, 30]. Plaintiff responded in opposition on February 22, 2021. [ECF No. 33]. USA filed its reply

Moran v. Samaan, et al.                                              1:20cv268

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

on March 1, 2021. [ECF No. 38]. That same day, the Court granted leave to Plaintiff to file her Second Amended Complaint, and she did. [ECF Nos. 39, 40]. Plaintiff added allegations against Third-Party Defendant ERx, LLC, and kept the remaining parties and claims therein the same. [ECF No. 40, Second Am. Compl.]. Thereafter, USA filed a motion to dismiss the second amended complaint for the same reasons it argued in its initial motion to dismiss. [ECF No. 42]. Therefore, the Court's disposition in this Memorandum Opinion and Order applies to both Motions to Dismiss. [ECF Nos. 29, 42].

## II.  GOVERNING LAW

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss an action for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal quotation marks omitted). When a

4

**MEMORANDUM OPINION AND ORDER GRANTING
UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

This Court has jurisdiction over this case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671–2680. The Court is required to use the substantive law of the state where the alleged negligence took place, which, in this matter, is West Virginia. Davis v. United States, No. 5:10-cv-384, 2012 WL 2681426, *1, *6 (S.D.W. Va. July 6, 2012). Absent a specific waiver, sovereign immunity protects the federal government and its agencies from suit. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA waives the United States' sovereign immunity and allows suits against the federal sovereign for personal injuries caused by government employees acting within the scope of their employment. See 28 U.S.C. § 1346(b), § 2671 et seq. "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

The Federally Supported Health Centers Assistance Act ("FSHCAA") is federal legislation passed by the United States

**Moran v. Samaan, et al.**                                                    **1:20cv268**

### MEMORANDUM OPINION AND ORDER GRANTING
### UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]

Congress which provides medical malpractice liability protection
for federally supported health centers. 42 U.S.C. § 233 et seq.

> The remedy against the United States provided
> by sections 1346(b) and 2672 of title 28, or
> by alternative benefits provided by the United
> States where the availability of such benefits
> precludes a remedy under section 1346(b) of
> title 28, for damage for personal injury,
> including death, resulting from the
> performance of medical, surgical, dental, or
> related functions, including the conduct of
> clinical studies or investigation, by any
> commissioned officer or employee of the Public
> Health Service while acting within the scope
> of his office or employment, shall be
> exclusive of any other civil action or
> proceeding by reason of the same subject-
> matter against the officer or employee (or his
> estate) whose act or omission gave rise to the
> claim.

42 U.S.C. § 233(a). "Upon a certification by the Attorney General
that the defendant was acting in the scope of his employment at
the time of the incident out of which the suit arose, any such
civil action or proceeding commenced in a State court shall be
removed . . . ." 42 U.S.C. § 233(c).

Prior to commencing an FTCA action against the United States
in federal court, however, a plaintiff must dispose of a tort claim
by a federal agency pursuant to 28 U.S.C. § 2675.  Section 2675(a)
states:

> [a]n action shall not be instituted . . .
> against the United States for money damages
> for injury . . . caused by the negligent or

Moran v. Samaan, et al.                                    1:20cv268

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

> wrongful act or omission of any employee . .
> . while acting within the scope of . . .
> employment, unless the claimant shall have
> first presented the claim to the appropriate
> Federal agency and his claim shall have been
> finally denied by the agency in writing . . .

Critically, a plaintiff has six (6) months to initiate an action in federal court after the appropriate government agency mails him notice of its final denial of his claim. 28 U.S.C. § 2401(b) (stating that a tort claim against the United States is "forever barred" unless action is begun within six months after the date of mailing of notice of the agency's final claim denial). A claim is deemed presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a).

### III. **FACTS**

Plaintiff Moran brings tort claims against Defendants for alleged negligent and intentional acts while she was a patient of Dr. Samaan and the entity defendants. Plaintiff went to the emergency room of FRMC, employer of Defendant Dr. Samaan, and was seen by Dr. Samaan on or about August 29, 2018.[1] ECF No. 40, Second

---

[1] Normally, the Court takes the facts from the complaint and construes them in the light most favorable to the Plaintiff in considering a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>De'Lonta v.</u>

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

Am. Compl. ¶ 18. She had a burn injury on her lower leg. Id. During the visit, Dr. Samaan made a number of inappropriate comments to Plaintiff while in the examination room: "you look young for your age"; "you're the real deal aren't you, a hot motorcycle chick"; and "I bet you've been a bad girl your whole life." Id. at ¶ 19. Dr. Samaan then looked outside the exam room and closed the door. Id. at ¶ 20. At this time, Dr. Samaan "went behind the Plaintiff, forcefully shoved his hands down the back of the Plaintiff's pants, and then inserted his fingers into the Plaintiff's vagina and rectum." Id. at ¶ 22. Plaintiff immediately told Dr. Samaan to stop, lifted herself from the examination table and left the room. Id. at ¶¶ 23-24. Dr. Samaan did not stop harassing her upon her direction, and he only withdrew upon her exiting the room. Id.

Dr. Samaan retrieved Plaintiff's personal information from her medical chart, including her cellphone number, and called it on the evening of August 29, 2018, and invited her to breakfast the following morning. Id. at ¶¶ 25-26. During the phone call, he made vulgar comments and discussed his sexual fantasies and intentions with the Plaintiff. Id. at ¶ 27. Plaintiff ceased

---

Johnson, 708 F.3d 520, 524 (4th Cir. 2013). However, in determining a Rule 12(b)(1) motion to dismiss, the Court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction" and the usual presumption of truthfulness does not apply. Kerns v. U.S., 585 F.3d 187, 192 (4th Cir. 2009).

Moran v. Samaan, et al.                                    1:20cv268

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

contact with Dr. Samaan on September 25, 2018. Id. at ¶ 29.

Plaintiff later received medical care for the burn at a different

facility on September 2, 2018. Id. at ¶ 32. On or about September

28, 2018, Plaintiff notified FRMC of the incident described herein.

Id. at ¶ 33.

 The Second Amended Complaint alleges the following causes of

action:

> 1) Battery against Defendants Mark Samaan and Alecto
>    Healthcare Services Fairmont, LLC, d/b/a Fairmont
>    Regional Medical Center ("FRMC")
> 2) Intentional Infliction of Emotional Distress against
>    Defendants Mark Samaan and FRMC
> 3) Invasion of Privacy against Defendants Mark Samaan and
>    FRMC
> 4) Negligence against Defendant FRMC
> 5) Negligence against Defendant Roane County Family Health
>    Care, Inc. ("RCFHC")
> 6) Negligence against Defendant Wirt County Health Services
>    Association d/b/a Wirt County Family Care ("WCHSA")
> 7) Negligence against Defendant Wetzel County Hospital,
>    Inc. ("WCH")

See ECF No. 40, Second Am. Compl. Plaintiff asserts FRMC, RCFHC,

WCHSA, and WCH employed and/or permitted Dr. Samaan "to have

privileges to practice medicine." Id. at ¶¶ 2-11. All of the

allegations in involving RCFHC and WCHSA are tort claims, which

are only cognizable against the United States of America pursuant

to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2689

("FTCA"). Id. at ¶¶ 67-86, see ECF No. 59. RCFHC and WCHSA receive

funds from the federal government in the form of grants under the

**Moran v. Samaan, et al.**                                        **1:20cv268**

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

Federally Supported Health Centers Assistance Acts ("FSHCAA") 42 U.S.C. § 233, et seq. for the provision of medical services. Plaintiff seeks compensatory damages; damages for embarrassment, humiliation, annoyance, inconvenience, aggravation, emotional distress, loss of ability to enjoy life, and loss of dignity; punitive damages; attorneys' fees and costs; and pre- and post-judgment interest. Id. at ¶ 118.

## IV.  DISCUSSION

USA argues Plaintiff's Second Amended Complaint should be dismissed entirely because Plaintiff failed to timely file an administrative claim to the appropriate federal agency prior to filing the lawsuit pursuant to the FTCA. [ECF Nos. 30, 42]. Plaintiff does not claim that FTCA is the exclusive avenue for this action and therefore maintains she was not required to file and exhaust the administrative remedies prior to filing suit. [ECF Nos. 33, 48].

**A. Rule 12(b)(1) dismissal is proper because Plaintiff's claims against Defendant USA are governed by the FTCA and Plaintiff failed to exhaust the administrative remedies under 28 U.S.C. § 2675.**

In her Second Amended Complaint, Plaintiff alleges negligence claims against RCFHC and WCHSA for failing to investigate and report Dr. Samaan's misconduct during his employment with the

10

Moran v. Samaan, et al.                                    1:20cv268

**MEMORANDUM OPINION AND ORDER GRANTING
UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

Defendants or after his resignation therefrom. Second Am. Compl. ¶¶ 68-75, 77-86. Plaintiff alleges RCFHC and WCHSA are vicariously liable for the alleged wrongdoing and that the doctrine of respondeat superior applies. Id. Pursuant to 28 U.S.C. § 2679(d)(1), United States Attorney for the Northern District of West Virginia filed a Notice of Substitution certifying that "RCFHC and WCHSA were federally-supported health centers acting within the scope of their office or employment with the Federal Government at the time of the incidents out of which Plaintiff's claims against these Defendants arose." See ECF No. 5; ECF No. 1-6, Certification of Scope of Employment. RCFHC and WCHSA are federally-deemed facilities that the United States of America has since substituted its appearance on behalf of pursuant to the provisions of 28 U.S.C. § 2679(d)(1). Such negligence claims against federally-deemed facilities constitute "related functions" under the "FSHCAA". See ECF No. 1-5 at 167-169. Because Congress provided by statute that the FTCA is the exclusive remedy, 42 U.S.C. § 233 et seq., this civil action is deemed to be an action against the United States of America and the claims are cognizable only under the FCTA.

The Court turns to whether Plaintiff exhausted the administrative remedies under 28 U.S.C. § 2675(a) prior to filing suit. Plaintiff did not and admits as much throughout her Response

Moran v. Samaan, et al.                                      1:20cv268

**MEMORANDUM OPINION AND ORDER GRANTING
UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

in Opposition. <u>See</u> ECF No. 33 ("Plaintiff was not required to
exhaust administrative remedies prior to filing suit."). The
Supreme Court held that the FTCA's limitations period is not a
jurisdictional rule but a claims-processing rule. <u>United States v.
Kwai Fun Wong</u>, 135 S.Ct. 1625, 1629 (2015). Plainly, "[i]t is well-
settled that the requirement of filing an administrative claim is
jurisdictional and may not be waived." <u>Henderson v. United States</u>,
785 F.2d 121, 123 (4th Cir. 1986) (citing to <u>Kielwien v. United
States</u>, 540 F.2d 676, 679 (4th Cir.), <u>cert. denied</u>, 429 U.S. 979
(1976)). Plaintiff failed to do that here. Accordingly, because
Plaintiff failed to timely initiate this action under § 2401(b),
this Court lacks subject matter jurisdiction to hear the claims.
Plaintiff's claims are "forever barred" and the Second Amended
Complaint is dismissed as to Defendant United States of America.

## V.  CONCLUSION

For the reasons discussed above, the Motions to Dismiss [ECF
Nos. 29, 42] are **GRANTED**. Defendant United States of America,
substituted as party defendant in place of Roane County Family
Health Care, Inc. ("RCFHC"), and Wirt County Health Services
Association, d/b/a Wirt County Family Care ("WCHSA"), is **DISMISSED**
from this action.

12

**Moran v. Samaan, et al.**                                           **1:20cv268**

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' MOTIONS TO DISMISS [ECF NOS. 29, 42]**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to
counsel of record and all <u>pro se</u> parties.

**DATED:** September 30, 2021


                                        <u>/s/ Thomas S. Kleeh</u>
                                        THOMAS S. KLEEH
                                        UNITED STATES DISTRICT JUDGE