```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                        CLARKSBURG
```

**BRENDA MORAN,**

      Plaintiff,

v.                                      CIVIL ACTION NO. 1:20CV268
                                                        (KLEEH)

**MARK SAMAAN, MD, and**
**WETZEL COUNTY HOSPITAL, INC.,**

      Defendants,

and

**WETZEL COUNTY HOSPITAL, INC.,**

      Defendant/Third-Party Plaintiff,

v.

**ERx, LLC,**
a Delaware Limited Liability Company,

      Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S RENEWED MOTION TO REMAND [ECF NO. 63]**

Pending before the Court is Plaintiff's Renewed Motion to Remand [ECF No. 63]. Plaintiff filed the pending Renewed Motion to Remand pursuant to 28 U.S.C. § 1447(c) and moves to remand the case to the Circuit Court of Marion County, West Virginia. Specifically, Plaintiff argues this Court should decline to exercise (or decline to continue to exercise) supplemental jurisdiction over the remaining claims after dismissal of the

Federal Tort Claims Act causes of action.[1] For the reasons set forth below, the motion is **GRANTED**.

## I. PROCEDURAL HISTORY

On August 6, 2020, Plaintiff Brenda Moran ("Plaintiff" or "Plaintiff Moran") filed a Complaint against the Defendants, Mark Samaan, MD ("Samaan"), Alecto Healthcare Services Fairmont, LLC, D/B/A Fairmont Regional Medical Center ("FRMC"), and Wetzel County Hospital, Inc. ("WCH"), collectively "Defendants," in the Circuit Court of Marion County, West Virginia. [ECF No. 1-4, Compl.]. On October 23, 2020, Plaintiff filed an Amended Complaint against the same defendants in the Circuit Court of Marion County. [ECF No. 1-4, Am. Compl.]. Plaintiff also sued Roane County Family Health Care, Inc. ("RCFHC"), and Wirt County Health Services Association, d/b/a Wirt County Family Care ("WCHSA"). Defendants RCFHC and WCHSA were terminated from the style of the case and substituted by the

---

[1] Plaintiff also urges this Court to find it lacks subject-matter jurisdiction and, therefore, must be remanded pursuant to 28 U.S.C. § 1447(c). This argument is without merit and is expressly rejected. This Court previously found it possessed original jurisdiction over certain claims in the Complaint and supplemental jurisdiction over the rest. As Wetzel County Hospital asserts in opposing the current motion, that remains the case now. The question presented here, however, is whether the Court should **continue** to exercise that supplemental jurisdiction now that the federal question/original jurisdiction-giving claims have been dismissed. As discussed herein, the Court declines to continue to assert that supplemental jurisdiction but the Court is not without subject-matter jurisdiction.

United States of America under 28 U.S.C. § 2679(d)(1). [ECF No. 6].

Plaintiff's Summons and Amended Complaint were served on RCFHC and WCHSA on November 9, 2020, by certified mail, accepted for service of process by the Secretary of State. [ECF No. 1-4, Proofs of Service, pp. 114-116]. Defendants timely filed a Notice of Removal from the Circuit Court on December 9, 2020, and served a copy of the Notice of Removal on Plaintiff. [ECF No. 1, Notice of Removal].

This Court entered a First Order and Notice Regarding Discovery and Scheduling on December 14, 2020. [ECF No. 9]. The Court entered an order enlarging the United States of America's time to answer or otherwise respond to Plaintiff's Amended Complaint on or before February 8, 2021. [ECF No. 8]. On December 16, 2020, FRMC filed the instant Motion to Dismiss. [ECF No. 10]. Also on December 16, 2020, WCH filed a third-party complaint, bringing in ERx, LLC, to this litigation. [ECF No. 13]. Plaintiff filed a brief in opposition to the motion to dismiss on January 6, 2021. [ECF No. 16]. Plaintiff's Motion to Remand [ECF No. 20] was denied by Memorandum Opinion and Order. [ECF No. 59].

On March 1, 2021, the Court granted leave to Plaintiff to file her Second Amended Complaint, and she did. [ECF Nos. 39, 40]. Plaintiff added allegations against Third-Party Defendant ERx, LLC, and kept the remaining parties and claims therein the same.

3

[ECF No. 40, Second Am. Compl.]. Thereafter, FRMC filed a motion to dismiss the second amended complaint for the same reasons it argued in its initial motion to dismiss. [ECF No. 43]. The Court granted that motion on September 30, 2021 [ECF No. 61]. Plaintiff filed the pending motion the very next day, October 1, 2021. [ECF No. 63]. It has been fully briefed and is ripe for decision.

## II. DISCUSSION

When an action is removed from state court, the district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Id. (citations omitted). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

District courts have original jurisdiction of "civil actions arising under the Constitution, laws, or treaties of the United States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different states." 28 U.S.C. §§ 1331, 1332(a)(1). Where "the district courts have original jurisdiction, the district courts shall [also] have supplemental jurisdiction over

4

all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court previously determined it had original jurisdiction under 28 U.S.C. § 1331 given the FTCA claims against RCFHC and WCHSA. [ECF No. 59]. In denying Plaintiff's original motion to remand, the Court noted it would exercise supplemental jurisdiction over the state law claims specifically finding those state law claims were so related to the federal claims the interests of judicial economy, efficiency and comity outweighed the significant federalism concerns present in removal jurisdiction. Id.

However, circumstances have changed as the Court subsequently dismissed the federal claims. [ECF No. 61]. 28 U.S.C. § 1367 invests districts with discretion on exercising continued supplemental jurisdiction under such a scenario. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[C]ase law has emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (citation omitted).

5

> [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims. The Court in Gibbs also indicated that these factors usually will favor a decision to relinquish jurisdiction when "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (quoting Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).[2]

Considering all those factors, the Court is compelled to decline to continue to exercise supplemental jurisdiction here. All federal-law claims have been dismissed leaving only state law claims. No federal interest – in either identity of the parties or legal issues to be decided – remains. Thus, state issues "substantially predominate" on all fronts including terms of proof, legal issues, remedies, and the like. Defendants urge the Court to continue to exercise its jurisdiction here for judicial economy reasons. This case has already had a relatively expansive motions history but little discovery and other substantive development toward trial has occurred. Moreover, although not an issue for this Court to decide, Plaintiff has sought leave of court

---

[2] Of course, pendent jurisdiction was codified as supplemental jurisdiction in 28 U.S.C. § 1367; however, the analysis remains the same. See Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 616-17 (4th Cir. 2001).

6

to amend her Complaint yet again which creates the possibility that the parties and claims at issue could be reset. The substantive infancy of the litigation and Plaintiff's request to amend her Complaint indicates the important interests of judicial economy and convenience to the parties would not be tarnished by remand. In short, the Court can divine no reason that this matter should be treated differently from "the usual case in which all federal claims are eliminated before trial." Carnegie-Mellon, 484 U.S. at 350 n.7.

Therefore, Plaintiff's renewed motion is **GRANTED** [ECF No. 63] and this matter is hereby **REMANDED** to the Circuit Court of Marion County, West Virginia. The Clerk is directed to strike this matter from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via the CM/ECF system, and pro se Defendant, Mark Samaan, MD, by certified mail, return receipt requested, at 6895 E Camelback Rd., #2022, Scottsdale, AZ 85251. The Clerk is further directed to send certified copies of this Memorandum Opinion and Order and docket sheet to the Circuit Clerk of Marion County, West Virginia.

**DATED:** January 4, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE